IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| JOHN M. WASSON, | Case No. 2:15-cv-01279-SU |
| Plaintiff, | **FINDINGS AND** |
| v. | **RECOMMENDATION** |
| UNITED STATES, ROBERT VARNER, BRETT THOMAS, IAN REID, CHRIS HELBERG, JON MAYTE, DEWAYNE ROSS, KEVIN JOHNSON, and KATHLEEN M. ANDERS, | |
| Defendants. | |

SULLIVAN, United States Magistrate Judge:

On February 1, 2017, the Court issued to plaintiff John M. Wasson an Order to Show Cause why it should not grant defendant Chris (Christine) Helberg's Motion to Dismiss, due to plaintiff's failure to oppose that Motion. Plaintiff's response to the Order was due February 22, 2017. Plaintiff has submitted none. Accordingly, pursuant to its admonition in its Order to Show Cause, the Court should GRANT Helberg's Motion to Dismiss, with prejudice, due to plaintiff's failure to oppose that Motion and failure to respond to the Order to Show Cause.

**BACKGROUND**

This action is one of several recent and related proceedings involving plaintiff. The Court will not recite the full history herein, as prior Court documents amply detail this history. *See* Findings & Recommendation, at 2-5 (Docket No. 45); Order, at 2-5 (Docket No. 52).

On December 5, 2016, plaintiff filed a Second Amended Complaint. (Docket No. 54). Among various claims, he brought a claim against defendant Helberg under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for violations of his Fifth Amendment rights. On December 19, 2016, Helberg moved to dismiss that claim for failure to state a claim upon which relief can be granted. (Docket No. 58). Plaintiff's response was due January 6, 2017, but plaintiff filed none. On February 1, 2017, the Court issued the above-mentioned Order to Show Cause (Docket No. 59), with plaintiff's response due twenty-one days later. Plaintiff has not responded.

**ANALYSIS**

In its Order to Show Cause, the Court ordered plaintiff to explain why it should not grant Helberg's Motion. The Court warned that "[f]ailure to comply with this Order in a timely fashion may result in dismissal of this claim for failure to prosecute, and to comply with a court order." Order to Show Cause, at 2 (Docket No. 59). Plaintiff has now failed to oppose Helberg's Motion to Dismiss the Fifth Amendment *Bivens* claim, failed to prosecute that claim, and failed to comply with the Court's Order to Show Cause. This inaction, together with the Court's notice that failure to comply would result in it recommending the grant of Helberg's Motion and the dismissal of the Fifth Amendment *Bivens* claim, justify granting the Motion and dismissing that claim. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999); Fed. R. Civ. P. 41(b).

> In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The Court considers these factors:

1. "The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990 (9th Cir.1999). Given plaintiff's failure to respond to Helberg's Motion to Dismiss, which was filed four months ago, this factor weighs in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642.

2. "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as" plaintiff. *Id.* This factor weighs in favor of dismissal.

3. Plaintiff has offered "no . . . explanations of what actions he actually took during the . . . time periods" during which he failed to prosecute this action or respond to the Court's Order. *Id.* at 643. "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* This factor weighs in favor of dismissal.

4. The Court already employed the less drastic measure of issuing an Order to Show Cause, rather than granting outright Helberg's Motion for plaintiff's failure to oppose. Plaintiff has wasted his opportunity to take advantage of that less drastic measure. The Court is left only with the course of granting the Motion and dismissing the claim, which the Court warned of in its Order. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1229 (9th Cir. 2006) This factor weighs in favor of dismissal.

5. "Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal," *Pagtalunan*, 291 F.3d at 643, but only weakly, because plaintiff's failure to prosecute this action, respond to Motions, or comply with Orders severely impairs disposition of

the case on the merits. *See United States* ex rel. *Berglund v. Boeing Co.*, 835 F. Supp. 2d 1020, 1053-54 (D. Or. 2011).

Four factors favor dismissal, and one weighs against, but only weakly. The five-factor test thus strongly comes out in favor of granting Helberg's Motion and dismissing the Fifth Amendment *Bivens* claim for failure to prosecute, failure to oppose her Motion, and failure to comply with the Order to Show Cause. Dismissal should be with prejudice. *See Pagtalunan*, 291 F.3d at 641; *McHenry v. Renne*, 84 F.3d 1172, 1174 (9th Cir. 1996).

## RECOMMENDATION

Because plaintiff has failed to prosecute his Fifth Amendment *Bivens* claim against defendant Helberg, failed to oppose her Motion to Dismiss that claim, and failed to respond to the Court's Order to Show Cause, the Court should GRANT Helberg's Motion and DISMISS the Fifth Amendment *Bivens* claim against her, with prejudice.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due  5/4/2017  . If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

DATED this 20 date of   April   , 2017.

  /s/ Patricia Sullivan  
PATRICIA SULLIVAN  
United States Magistrate Judge